# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA
# OKLAHOMA CITY DIVISION

| | |
|---|---|
| **COLBY BAIRD, BYRUM KETRON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**RELIANCE OILFIELD SERVICES, LLC,**<br><br>*Defendant.* | Civil Action No. CIV-20-191-F |

## COLLECTIVE AND CLASS ACTION COMPLAINT

1. Named Plaintiffs Colby Baird and Byrum Ketron (collectively, "Plaintiffs") bring this collective and class action individually, on behalf of those similarly situated, and on behalf of the proposed Rule 23 New Mexico Class, against Defendant Reliance Oilfield Services, LLC ("Defendant") and in support show the Court the following:

**Nature of this Lawsuit**

2. Defendant is a Tulsa-based oilfield services company that provides wireline and other oilfield services to its clients at oilfield job sites throughout the Southwest, including New Mexico, Oklahoma and Texas.

3. Defendant employed Plaintiffs and other individuals to directly and indirectly provide its oilfield services to Defendant's customers and paid them on a non-exempt basis ("Non-Exempt Employees" or "NEEs"), but fails to pay them overtime as required by state and federal overtime law.

4. NEEs regularly worked in excess of 40 hours per workweek, but were not paid overtime at the legally required rate for all overtime hours worked.

5. Defendant has violated state and federal overtime law by miscalculating the overtime rate it paid to Plaintiff and other NEEs for overtime hours worked. Defendant specifically miscalculated overtime by failing to include all required remuneration earned by NEEs in the regular rate of pay to determine overtime compensation. This policy did not depend on the specific form of pay provided to Plaintiff. Rather, Defendant **categorically** excluded **all** additional pay—other than hourly pay—provided to NEEs from the regular rate of pay. The additional payments excluded from the regular rate of pay ("Additional Pay") include, but may not be limited to, job bonuses and other non-discretionary bonus pay. Defendant's policy of excluding Additional Pay from the regular rate ("Overtime Miscalculation Policy") violated federal and state overtime law.

6. Plaintiffs bring this action on behalf of themselves and other NEEs who, due to Defendant's Overtime Miscalculation Policy, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in one or more individuals workweeks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

7. Plaintiff Ketron also brings class action claims under New Mexico state law under the New Mexico Minimum Wage Act ("NMMWA"), N.M. Stat. Ann. § 50-4-19, *et seq.*

8. Plaintiff Ketron brings his NMMWA claims pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendant's failure to pay them and other CCEs for all earned overtime pay.

**The Parties**

9. Plaintiff Baird is a Texas resident who worked for Defendant at oilfield jobsites, including job sites in Oklahoma, from approximately May 2018 to June 2019.

10. Plaintiff Ketron is an Oklahoma resident who worked for Defendant at oilfield jobsites, including job sites in New Mexico, from approximately December 2015 to October 2019.

11. Defendant is an Oklahoma limited liability company.

**Jurisdiction & Venue**

12. This Court has jurisdiction over the claims because Plaintiffs have asserted a claim arising under federal law and specifically the FLSA.

13. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332(d) because this is a class action with an amount in controversy of over $5,000,000.00 exclusive of interest and costs, and at least one Rule 23 Class Member is a citizen from a different state than Defendant. Alternatively, the Court has supplemental jurisdiction pursuant to 28 U.S.C § 1367.

14. Venue is proper in the District because a substantial portion of the events forming the basis of this suit occurred in this District.

**Factual Allegations**

15. Plaintiff Baird worked for Defendant as an NEE in the last two years.

16. Plaintiff Ketron worked for Defendant as an NEE in the last two years.

17. Defendant employed Plaintiff Baird to provide its wireline and other oilfield services to Defendant's clients.

18. Defendant employed Plaintiff Ketron to provide its wireline and other oilfield services to Defendant's clients.

19. Defendant employed Plaintiffs and other NEEs to directly and indirectly provide Defendant's wireline and other oilfield services to Defendant's customers. Plaintiffs and other NEEs regularly worked in excess of 40 hours per week, but were not paid in compliance with the FLSA and the NMMWA. Defendant violated the FLSA and the NMMWA by paying Plaintiffs and other NEEs pursuant to the Overtime Miscalculation Policy that failed to include all required remuneration, including but not limited to Additional Pay, into NEEs' regular rates to calculate overtime.

20. Defendant required Plaintiff Baird to work over 40 hours in one or more individual workweeks in the last three (3) years.

21. Defendant required Plaintiff Ketron to work over 40 hours in one or more individual workweeks in the last three (3) years.

22. Defendant required Plaintiff Ketron to work over 40 hours in one or more individual workweeks in New Mexico in the last three (3) years.

23. During his employment with Defendant, Plaintiff Baird worked over 40 hours in one or more individual workweeks in the last three (3) years.

24. During his employment with Defendant, Plaintiff Ketron worked over 40 hours in one or more individual workweeks in the last three (3) years.

25. During his employment with Defendant, Plaintiff Ketron worked over 40 hours in one or more individual workweeks in New Mexico the last three (3) years.

26. Defendant classified Plaintiff Baird as non-exempt from the overtime provisions of the FLSA.

27. Defendant classified Plaintiff Ketron as non-exempt from the overtime provisions of the FLSA and the NMMWA.

28. Defendant paid Plaintiff Baird on a non-exempt basis.

29. Defendant paid Plaintiff Ketron on a non-exempt basis.

30. When Plaintiff Baird worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff Baird overtime at one-and-one-half times his regular rate of pay for hours worked over 40.

31. When Plaintiff Ketron worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff Ketron overtime at one-and-one-half times his regular rate of pay for hours worked over 40.

32. When Plaintiff Ketron worked over 40 hours in individual workweeks in New Mexico, Defendant did not pay Plaintiff Ketron overtime at one-and-one-half times his regular rate of pay for hours worked over 40 in New Mexico.

33. Defendant knew about the FLSA's overtime requirements, but chose not to pay Plaintiffs or the Collective Action Members overtime in compliance with the FLSA. Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay Plaintiffs and the Collective Action Members proper overtime compensation.

34. During his employment, Plaintiff Baird was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

35. During his employment, Defendant was Plaintiff Baird's "employer" as defined by the FLSA in 29 U.S.C. § 203(d).

36. During his employment, Plaintiff Ketron was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

37. During his employment, Defendant was the "employer" of Plaintiff Ketron as defined by the FLSA in 29 U.S.C. § 203(d).

38. During his employment, Plaintiff Ketron was an "employee" of Defendant as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(c).

39. During his employment, Defendant was the "employer" of Plaintiff Ketron as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(b).

**Collective Action Allegations**

40. Plaintiffs bring their FLSA claims as a collective action

41. Plaintiffs' consent forms to participate in this collective action are being filed at the same time as this Complaint.

42. The collective action is defined as follows:

All non-exempt workers employed by Defendant in the last three years who received Additional Pay that Defendant excluded from the regular rate to calculate overtime ("Collective Action Members").

43. Plaintiffs and the Collective Action Members performed the same or similar job duties. Specifically, Defendant employed all NEEs to directly and indirectly provide its oilfield services to customers. Defendant subjected all NEEs to the same illegal pay policy: The Overtime Miscalculation Policy that failed to pay NEEs one-and-one-half times their

regular rates of pay for all overtime hours worked. Accordingly, the Collective Action Members are similarly situated to Plaintiff in terms of job duties and pay provisions.

44. Defendant's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Collective Action Members. Plaintiffs' experience is typical of the experience of the Collective Action Members. All Collective Action Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation at a rate of one-and-one-half their regular rate for all hours worked in excess of 40 per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact commonly apply to the Plaintiffs and all Collective Action Members who worked for Defendant during the statutory time period.

45. Defendant has names and addresses for potential Collective Action Members in its payroll or personnel records.

46. Defendant has email addresses for potential Collective Action Members in its payroll or personnel records.

47. Defendant has phone numbers for potential Collective Action Members in its payroll or personnel records.

48. Defendant is aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime at the legally required rate.

**Class Action Allegations**

49. Plaintiff Ketron also seeks class certification under Fed. R. Civ. P. 23 of the following state law sub-class:

> All non-exempt workers employed by Defendant in the last three years who worked in New Mexico who received Additional Pay that Defendant excluded from the regular rate to calculate overtime ("New Mexico Class").

50. The New Mexico Class has more than 40 members.

51. As a result, the New Mexico Class is so numerous that joinder of all members is not practical.

52. There are questions of law or fact common to the New Mexico Class, including: (1) whether Defendant violated the NMMWA by refusing to pay the New Mexico Class overtime pay at the rate required by the NMMWA; and (2) the proper measure of damages if Defendant failed to calculate overtime at the rate required by the NMMWA.

53. The overtime claims of Plaintiff Ketron are typical of those of the New Mexico Class because they arise from Defendant's uniform compensation policies.

54. Defendant's defenses to Plaintiff Ketron's NMMWA claims are typical of its defenses to those of the New Mexico Class because they are grounded in the same compensation practices.

55. Plaintiff Ketron can fairly and adequately protect the interests of the New Mexico Class because he is asserting the same claims as the New Mexico Class.

56. Plaintiff Ketron can fairly and adequately protect the interests of the New Mexico Class because he has no interests adverse to the New Mexico Class.

57. Plaintiff Ketron can fairly and adequately protect the interests of the New Mexico Class because he has retained counsel experienced in class action employment litigation.

58. The common questions of law and fact predominate over the variations which may exist between members of the New Mexico Class, if any.

59. Plaintiff Ketron and the members of the New Mexico Class on the one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, penalties, attorneys' fees and costs.

60. If individual actions were required to be brought by each member of the New Mexico Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as Defendant.

61. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the New Mexico Class is entitled.

62. The books and records of Defendant are material to the New Mexico Class's claims because they disclose the hours worked by each member of the New Mexico Class and the rate of pay for that work.

## COUNT I
### Violation of the Fair Labor Standards Act
### (Collective Action)

63. Plaintiffs incorporate all allegations previously made in this Complaint.

64. During the relevant time period, Defendant violated and continues to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by

employing Plaintiffs and the Collective Action Members in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-one-half times their regular rates of pay. Defendant has acted willfully in failing to pay Plaintiff and the Collective Action Members in accordance with the law.

WHEREFORE, Plaintiffs, on behalf of themselves and the Collective Action Members, seek a judgment against Defendant as follows:

A. All unpaid overtime wages due to Plaintiffs and the Collective Action Members;

B. Liquidated damages equal to the unpaid overtime compensation due, or in the absence of liquidated damages, prejudgment interest on the amount of overtime wages due;

B. Post-judgment interest;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

D. Such other relief as the Court deems appropriate.

## COUNT II
### Violation of the New Mexico Minimum Wage Act
### (Class Action)

65. Plaintiffs incorporate all allegations previously made in this Complaint.

66. Plaintiff Ketron and the New Mexico Class are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D). During the relevant time period, Defendant violated and continues to violate the

NMMWA by regularly and repeatedly failing to pay employees for all hours worked and paying overtime wages at a rate of at least one-and-one-half times their regular rates of pay. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff Ketron and the New Mexico Class have suffered and will continue to suffer from a loss of income and other damages. Plaintiff Ketron and the New Mexico Class are entitled to their unpaid wages, an amount equal to twice their unpaid wages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under the NMMWA. Moreover, Plaintiff Ketron requests for this lawsuit to encompass all NMMWA violations that occurred as a part of Defendant's continued course of conduct regardless of the date on which they occurred.

WHEREFORE, Plaintiff Ketron, individually and on behalf of the New Mexico Class, seeks a judgment against Defendant as follows:

  A.   All unpaid overtime wages due to Plaintiff Ketron and the New Mexico Class;
  C.   Treble damages equal to twice the unpaid overtime compensation due;
  B.   Post-judgment interest;
  C.   Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and
  D.   Such other relief as the Court deems appropriate.

Date:  March 3, 2020

Respectfully submitted,

*/s Noble K. McIntyre*
NOBLE K. MCINTYRE
Oklahoma Bar No. 16359
MCINTYRE LAW, P.C.
8601 S. WESTERN AVENUE
OKLAHOMA CITY, OK  73139
P: (405) 917-5250
noble@micntyrelaw.com


*/s Jack Siegel*
JACK SIEGEL (*PRO HAC VICE ANTICIPATED*)
Jack@siegellawgroup.biz
Texas Bar No. 24070621
Siegel Law Group PLLC
4925 Greenville Ave | Suite 600
Dallas, Texas 75206
P: (214) 790-4454
www.4overtimelawyer.com


/S TRAVIS M. HEDGPETH
TRAVIS M. HEDGPETH (*PRO HAC VICE ANTICIPATED*)
Texas Bar No. 24074386
THE HEDGPETH LAW FIRM, PC
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
P: (281) 572-0727
travis@hedgpethlaw.com

**Attorneys for Plaintiffs and others similarly situated**

## **CERTIFICATE OF SERVICE**

      This is the Original Complaint. Service of this Complaint will be made on Defendant with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

                                              */s Jack Siegel*
                                              **JACK SIEGEL**