IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| COLBY BAIRD and BYRUM KETRON, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. 5:20−cv−00191−F |
| RELIANCE OILFIELD SERVICES, LLC, | § § § § | |
| Defendant. | | |

## CONFIDENTIAL JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiffs Colby Baird and Byrum Ketron, individually and on behalf of all others similarly situated ("Plaintiffs") Defendant Reliance Oilfield Services, LLC (Reliance or Defendant) hereby submit this Joint Motion for Approval of Settlement ("Motion"). In support of their Motion, the parties state as follows:

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs' Complaint ("Complaint") (ECF No. 1) is the governing pleading at this time. In the Complaint, Plaintiffs allege violations of the Fair Labor Standards Act (the "FLSA") by Defendant, as well as additional state law contract, statutory, and tort claims[1]. With respect to the FLSA claim, Plaintiffs allege that Reliance failed to pay workers who were employed as hourly-paid, nonexempt Operators (or similar hourly, non-exempt field personnel) overtime in violation of the FLSA. (ECF No. 1).

---

[1] Plaintiffs pleaded claims under the New Mexico Minimum Wage Act ("NMWA") but did not seek certification of a class under the NMWA, and no NMWA class exists in this case.

1

Specifically, the Complaint alleges that Defendant miscalculated the regular rate of pay for overtime calculations. *Id.* Defendant answered the Complaint (ECF No. 14) and denied any liability under the FLSA or under Plaintiffs other theories of liability. Defendant filed a Motion for Summary Judgment (ECF No. 56) on August 1, 2022, and Plaintiffs filed their response (ECF No. 64) on September 2, 2022.

The parties have agreed to settle the case. Without admission of liability, as part of the settlement, Reliance Oilfield Services, LLC shall make a settlement payment to each Plaintiff to resolve all of Plaintiffs' claims, including Plaintiffs' FLSA claim. In exchange for the settlement amount, Plaintiffs agree to settle, waive and release all of their claims. The Settlement Agreement is attached hereto as Exhibit A[2] and, pursuant to the parties' agreement, has been filed under seal.

## II.     ARGUMENT

Court cases have established that an employee's rights under the FLSA are not waivable where the hours worked and amounts owed are undisputed. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). Therefore, to be valid, a settlement and release of claims by an employee claiming amounts pursuant to the FLSA requires the existence of a "*bona fide* dispute" regarding the number of hours worked or computation of the employee's pay. *See, e.g., Picerni v. Bilingual Seit & Preschool, Inc.,* Case No. 12 CIV 4938 BMC, 2013 WL 646649 at *3 (E.D.N.Y. Feb. 22, 2013).

In addition, it is generally accepted that even where a *bona fide* dispute exists, the

---

[2] Parties will file the Settlement Agreement once the Unopposed Motion to Seal the Parties' Confidential Settlement Agreement, filed contemporaneously, is granted.

settlement should be supervised by the Secretary of Labor or scrutinized by the district court for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). If the settlement reflects a reasonable compromise over issues such as the computation of back wages that are actually in dispute, the Court may approve the settlement to promote the policy of encouraging settlement of litigation. *Id.* at 1354. The parties have not located any authority from the Court of Appeals for the Tenth Circuit regarding the factors it would consider in determining the fairness of a settlement of individual claims under the FLSA. However, the factors considered in determining the fairness of a class action settlement are relevant, including the following: (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable. *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002). Courts in other jurisdictions considering specifically settlement of FLSA claims have also identified the following factors: (1) the existence of fraud or collusion behind the settlement: (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *Dail v. George A. Arab Inc.*, 391 F. Supp. 2d 1142, 1145- 46 (M.D. Fla. 2005).

      Here, as demonstrated by Defendant's Motion for Summary Judgment (ECF No.

3

56) and Plaintiffs' response (ECF No. 64), there is a *bona fide* dispute, as Defendant maintains that the undisputed evidence shows that it accurately included any non-discretionary compensation in the calculation of the Plaintiffs' regular rate of pay for overtime wages, and that Plaintiffs are not entitled to any additional compensation whatsoever.

Moreover, even if the calculation issue were resolved in Plaintiffs' favor, Defendant disputes the plaintiffs' claim that they were paid improperly. Plaintiffs believe that there is conflicting evidence on how their regular rate and overtime were calculated, and Defendant maintains that no evidence shows Plaintiffs are entitled to any damages. Resolution of these issues would require significant litigation.

In addition, the proposed settlement is fair and reasonable. The parties engaged in extensive settlement talks, exchange of data and information before, during, and after they briefed these issues in August 2022. The proposed settlement reflects a fair per-Plaintiff amount, given that the disputed issue is one of a rate calculation; both parties agree that Plaintiffs were paid a wage above minimum wage for all hours worked, as well as additional compensation. Accordingly, it is appropriate that the per-Plaintiff settlement reflect a fair approximation of the difference between the claimed rate and the rate already paid.

Absent a complete resolution of the case pursuant to summary judgment motions, litigation of the issues of liability and damages would be expensive and complex, and the parties agree such expenses are neither desirable nor appropriate for a matter involving modest amounts of alleged damages at issue. The Plaintiffs have determined that the

prospect of immediate recovery outweighs the mere possibility of future relief, particularly given potential barriers to recovery of any judgment. There is no fraud or collusion behind the settlement, and both parties are represented by experienced counsel well versed in wage and hour litigation. Finally, the parties have completed full discovery regarding the merits of the claims and have determined a negotiated settlement is the best resolution of the dispute.

WHEREFORE, the parties respectfully request that the Court approve the parties' settlement as set forth above. Upon the Court's approval of the settlement and completion of all payment obligations, the parties will file a joint stipulation of dismissal.

DATED:

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ *Trang Q. Tran*_____<br>TRANG Q. TRAN<br>Texas Bar No. 00795787<br>2537 S. Gessner Suite 104<br>Houston, Texas 77063<br>Ph.: (713) 223 – 8855<br>trang@tranlf.com<br>service@tranlf.com<br>Admitted Pro Hac Vice<br><br>NOBLE K. MCINTYRE<br>Oklahoma Bar No. 16359<br>McIntyre Law, P.C.<br>8601 S. Western Avenue<br>Oklahoma City, OK 73139<br>T: (405) 917-5250<br>F: (405) 917-5405<br>noble@micntyrelaw.com<br><br>TRAVIS M. HEDGPETH | /s/ Allen Hutson_____<br>Allen Hutson, OBA #30118<br>CROWE & DUNLEVY<br>A Professional Corporation<br>Braniff Building<br>324 N. Robinson Ave., Suite 100<br>Oklahoma City, OK 73102-8273<br>(405) 235-7700<br>(405) 239-6651 (Facsimile)<br>allen.hutson@crowedunlevy.com<br><br>Randall J. Snapp<br>OK BAR No. 11169<br>CROWE & DUNLEVY, P.C.<br>321 South Boston Avenue<br>Tulsa, Oklahoma 74103-3313<br>918.592.9800<br>918.592.9801 (Fax)<br>randall.snapp@crowedunlevy.com<br><br>Claire B. Deason (Pro hac) |

5

TX State Bar No. 24074386
THE HEDGPETH LAW FIRM, PC
3050 Post Oak Blvd., Suite 510
Houston, TX 77096
Telephone: (281) 572-0727
Email: travis@hedgpethlaw.com
Admitted Pro Hac Vice

JACK SIEGEL
Texas Bar No. 24070621
SIEGEL LAW GROUP PLLC
4925 Greenville, Suite 600
Dallas, TX 75206
Telephone: (214) 790-4454
Email: Jack@siegellawgroup.biz
Admitted Pro Hac Vice

**ATTORNEYS FOR PLAINTIFFS**

TX State Bar No. 24087399
LITTLER MENDELSON, P.C.
1300 IDS Center
80 South 8th Street
Minneapolis, MN 55402.2136
612.630.1000
612.630.9626 (Fax)
cdeason@littler.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2022, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file, in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

/s/ *Claire B. Deason*
Claire B. Deason

**CERTIFICATE OF CONFERENCE**

I certify that parties' counsel conferred on November 11, 2022 and November 14, 2022 via email regarding this motion and they indicated that they approve the foregoing document.

/s/ *Claire B. Deason*
Claire B. Deason